**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALAN HANSEN, as father and next
friend of J.H., a minor,

      Plaintiff,

vs.                                           Case No. 6:12-cv-578-Orl-37KRS

MAGICAL CRUISE COMPANY,
LIMITED d/b/a DISNEY CRUISE LINE,

      Defendant.

**ORDER**

This cause is before the Court on the Unopposed Motion for Approval of Resolution of a Minor Child's Claim (Doc. S-1), filed March 29, 2013.[1]

The parties in this action seek court approval of a proposed settlement of a personal injury claim involving a minor child with special needs, autism and low IQ. (*See* Doc. S-1). This Court looks to the law of Florida in connection with the law applicable to the settlement of minor's claims. Section 744.387 of the Florida Statutes requires, among other things, the establishment of a legal guardianship in all cases where the minor is intended to receive a net recovery in excess of $15,000. The statute provides that when "the amount of net settlement to the ward or judgment exceeds $15,000 and no guardian has been appointed, the court shall require the appointment of a guardian for the property." Fla. Stat. § 744.387(3)(b).

The movant seeks to avoid the time and expense associated with the legally required guardianship by pointing out that the minor child will attain the age of legal

---

[1] The motion was filed under seal. Having reviewed the motion and the attached documents, the Court finds good cause to place it under seal

majority on June 23, 2013, which is a matter of only a few months from the date of the motion. (*See* Doc. S-1.) Plaintiff proposes placing the funds in a restricted account pending the minor attaining the age of majority.

The Court finds no authority for avoiding the statutorily mandated guardianship, nor has the movant cited any authority. Indeed, the motion fails to comply with Local Rule 3.01(a) in that it lacks supporting legal authority. Further, in view of the child's special needs it appears that a formal guardianship may be appropriate in any event.

Accordingly, upon review, this Court finds the settlement to be reasonable in light of the nature of the injury, the defenses available to the action and, most specifically, the report of the guardian ad litem. The Court finds the allocation of funds as described in the motion (except the $10,00 requested for the Plaintiff) and material submitted under seal including the amount of attorney fees and costs to be reasonable. The Plaintiff is authorized to execute the release necessary to effectuate the settlement. The Court notes, with disfavor, that the release includes a confidentiality provision.

The Court finds that the proposed fee to be paid to the guardian ad litem is reasonable and authorizes the plaintiff to issue payment from the settlement proceeds for that purpose, as well as for reasonable fees required to establish the guardianship.

The Court directs the Plaintiff to establish a formal guardianship as required by Florida statute 744.387 (3) (b) and authorizes distribution of the settlement proceeds as directed by the probate court upon filing with the Court evidence that the guardianship has been established and the appointment of a guardian. The Court defers to the probate court the issue of the requested distribution of $10,000 to the Plaintiff upon a showing of a good faith basis for the request in furtherance of the best interest of the minor.

Upon filing the notice of guardianship proceedings, the Plaintiff shall file an appropriate notice or motion for dismissal.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Unopposed Motion for Approval of Resolution of a Minor Child's Claim (Doc. S-1) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 2, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record